**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRETT JONES,

    Petitioner,                                  3:16-cv-00036-RCJ-VPC

vs.

                                                **ORDER**

STATE OF NEVADA, *et al.*,

    Respondents.

_____/

    The court construes this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was initiated by Nevada prisoner Brett Jones, on January 27, 2016. On that date, Jones filed an Application to Proceed *in Forma Pauperis* (ECF No. 1), along with a document entitled "Motion for Rule 60(b)(6) Relief" and a motion for appointment of counsel (both currently attached to the application to proceed *in forma pauperis*).

    The financial information provided with Jones' application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action at this time. Therefore, the *in forma pauperis* application will be granted.

    The court has examined the "Motion for Rule 60(b)(6) Relief," and, because it challenges a state-court criminal conviction, the court construes it as a petition for writ of habeas corpus. As such, the court has examined that document pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determines that it is subject to dismissal.

1   Jones' "Motion for Rule 60(b)(6) Relief," if meant to initiate a new habeas corpus action, is
2   not presented on the correct form, and, as a result, does not provide the information required of such
3   a petition. If Jones wishes to initiate a new habeas action in this court, he must present his petition
4   for writ of habeas corpus on the form required by this court.

5   Moreover, construed as a petition for writ of habeas corpus, this action is a successive habeas
6   petition, and Jones does not indicate that he has obtained authorization from the court of appeals to
7   bring such a successive habeas action. Jones' "Motion for Rule 60(b)(6) Relief" challenges his
8   convictions of murder, victim over age 65, and robbery, victim over age 65, entered in 2003 in Case
9   Number 179544 in Nevada's Eighth Judicial District Court. However, Jones has already litigated the
10  following habeas corpus actions in this court, regarding the same convictions:

11      Case Number 3:05-cv-00154-ECR-RAM, which was dismissed, without prejudice,
        because all claims were unexhausted in state court;
12
        Case Number Case 3:10-cv-00590-LRH-WGC, which was dismissed as barred by the
13      statute of limitations and the doctrine of procedural default; and

14      Case Number 3:14-cv-00364-MMD-VPC, which was dismissed as a successive
        petition brought without authorization from the court of appeals, and in which
15      authorization was subsequently denied by court of appeals.

16  The court takes judicial notice of the proceedings in those cases.

17      Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in a federal
18  district court, the petitioner must move in the court of appeals for an order authorizing the district
19  court to consider the petition. A federal district court does not have jurisdiction to entertain a
20  successive petition absent such permission. Construed as a petition for writ of habeas corpus, the
21  petition in this case is successive, and there is no indication that Jones has obtained authorization
22  from the court of appeals for such a successive petition.

23      The court will, therefore, dismiss this action. And, as the action is wholly without merit, and
24  subject to summary dismissal, the court will deny Jones' motion for appointment of counsel.

25      If, instead of attempting to initiate a new action, it is Jones' intention to file a motion in one of
26  his previous actions -- despite the long delay since the dismissal of the most recent of those actions on

2

July 16, 2014 -- Jones must file a motion with the correct caption and case number, to indicate in which action he intends to file the motion.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is **GRANTED**.  Petitioner need not pay the filing fee for this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall separately file the "Motion for Rule 60(b)(6) Relief"(attached to the application to proceed *in forma pauperis*, at ECF No. 1), and the Motion for Appointment of Counsel (attached to the application to proceed *in forma pauperis*, at ECF No. 1).

**IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED: This 12th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE